| Matter of Buhannic |
|:---:|
| 2024 NY Slip Op 31289(U) |
| April 12, 2024 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2020-2997/N/O |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------------x
Proceeding for Permission to Resign as Temporary
Administrator of the Estate of


PHILIPPE BUHANNIC,

Deceased,

And for the Appointment of Alexandre Leturgez-Coianiz as
Successor Temporary Administrator.
---------------------------------------------------------------------------x
Petition for Permission to Sell Testamentary Assets,
Estate of


PHILIPPE BUHANNIC,

Deceased.
---------------------------------------------------------------------------x

New York County Surrogate's Court
DATA ENTRY DEPT.
APR 12 2024

DECISION, DECREE and
ORDER

File No.: 2020-2997/N/O

File No.: 2020-2997/J

M E L L A, S.:

Papers considered in determining the motion to renew:

Notice of Motion to Renew, Affirmation of Stephanie T.
Seiffert, Esq., in Support of Motion, with Exhibits,
dated December 9, 2022...............................................................1, 2

Affirmation of Hillary A. Frommer, Esq., in Opposition
to Motion, with Exhibits, dated January 27, 2023...........................3

Affirmation of Stephanie T. Seiffert, Esq., in Reply, with
Exhibits, dated February 16, 2023.................................................4


This decision addresses two applications in this heavily litigated matter: 1) a petition to

permit the resignation of the Temporary Administrator and to appoint her successor; and 2) a

motion to renew or to modify a prior order of the court issued in the fiduciaries' proceeding for

permission to collect the proceeds of a certain stock transaction.

[* 1]

As relevant background, decedent Phillipe Buhannic died on July 21, 2020, survived by five children (the children) as his distributees. His will, dated March 27, 2020, is the subject of a pending probate proceeding. It directs distribution of his entire estate into an inter vivos trust (the pour over trust) that was declared invalid in a final order of this court dated January 7, 2022. Decedent's brother, Luc Buhannic (Luc), is named as executor of the will and is currently serving as Preliminary Executor.

Luc is a non-resident non-citizen, which necessitated the appointment of an "anchor" fiduciary with a residence in New York State to serve with him (SCPA 707 [1] [c]). On Luc's petition, Natalie Haimo was appointed to serve with Luc as Temporary Administrator on March 29, 2021. Their letters were restricted to prohibit either of them from selling, encumbering, or otherwise disposing of any testamentary assets until further order of the court.

Ms. Haimo petitions here for permission to resign as Temporary Administration because of other demands on her schedule. She has asked for the appointment of Alexandre Leturgez-Coianiz, an attorney with a New York residence, as successor Temporary Administrator. One of decedent's daughters, Lorraine Buhannic (Lorraine), opposes the appointment of Mr. Leturgez-Coianiz and has petitioned for Letters of Temporary Administration to issue instead to herself. Lorraine does not allege that Mr. Leturgez-Coianiz is unqualified as a fiduciary, but asserts that her own appointment is necessary to prevent Luc from expending estate assets on legal fees to carry out what he believes was his brother's wish to disinherit his children.

Luc has taken the position that, notwithstanding the invalidity of the pour over trust, the probate estate should be distributed in accordance with decedent's July 2020 written directions purporting to exercise a power of appointment over the invalidated trust's assets, in favor of numerous individuals and entities other than the children. The children, on the other hand—

2

[* 2]

including the guardian ad litem (GAL) appointed for a daughter who is under a disability—contend that the probate assets pass to them in intestacy. This dispute is at the root of numerous controversies affecting the administration of the estate, including the management of foreign assets. It appears that the inability of Luc and the children to vouch for each other's bona fides and present a united front abroad has had an impact on their ability to obtain credible information about the nature and extent of decedent's foreign assets and to take action to marshal or preserve those assets. Neither Luc nor Lorraine and her siblings have been able to receive consistent legal advice about the effect of foreign law on the succession of the assets.

Further complicating the procedural history and the estate's administration was the fiduciaries' petition for permission to collect the proceeds of a transaction involving a testamentary asset known as "TradingScreen, Inc." and to lift restrictions on their letters which prohibited them from disposing of estate assets. In a Decision and Order dated August 18, 2022, the court granted in part and denied in part Lorraine's motion to dismiss that petition. The court granted permission for the fiduciaries to collect the proceeds of the transaction to the extent permission was required, and modified the restrictions on the fiduciaries' letters, subject to the posting of a bond.

In December 2022, the fiduciaries moved to renew and asked for a modification of the August 18, 2022 Decision and Order to allow them to use the TradingScreen proceeds "to pay the expenses of the Estate" without any restriction. The motion was based upon new facts (CPLR 2221 [e] [2]), including that: 1) decedent's cooperative apartment had been sold and there was no longer a need, as had been asserted, to use the proceeds of the TradingScreen transaction to pay apartment-related expenses, and 2) the fiduciaries were unable to obtain the required bond. In a decision dated December 29, 2022, and on the consent of the parties, the court

3

amended its earlier order and dispensed with the bonding requirement. In addition, the court directed that the proceeds of the TradingScreen transaction be held temporarily in escrow in an attorney trust account, to be disbursed only on the written consent of counsel both for the fiduciaries and for Lorraine. The escrow arrangement was to continue until the determination of the motion to renew, which the court now decides.

In light of all these circumstances and given the complicated family dynamic described above, the court determines that the best interests of the estate will be promoted by permitting Natalie Haimo to resign as Temporary Administrator and by the appointment of both Alexandre Leturgez-Coianiz and Lorraine Buhannic to serve as Temporary Administrators, with Luc remaining as Preliminary Executor.[1] It is the expectation of the court that all three fiduciaries attempt to find common ground and to engage the relevant overseas professionals and authorities, as circumstances require, in a unified voice and effort to obtain the information necessary to discover and marshal the foreign assets.

As for the motion to renew, in view of the court's appointment of Lorraine and Mr. Leturgez-Coianiz as fiduciaries to serve together with Luc, there is no need to continue to restrict access to the funds currently held in escrow. Again, the court expects all three fiduciaries to work together and, in the best interests of the estate, decide jointly how these funds will be used.

---

[1] Lorraine and the GAL argue that, if the will is admitted to probate, the provisions of SCPA 1418 would prohibit Mr. Leturgez-Coianiz from continuing in a permanent fiduciary capacity because he is not a beneficiary under the will. They also assert that Lorraine should be chosen because they believe she will ultimately be a beneficiary of the estate, making her eligible under SCPA 1418 to serve in a permanent capacity as administrator c.t.a. and enabling a smoother transition. The court notes, however, that SCPA 1418 applies "[i]f no person is named as executor in the will," or if "there is no executor . . . qualified to act," which is not our case. Luc Buhannic is named as executor in the will and is qualified to act with a New York resident. The mandatory priority for appointments of administrators c.t.a. under SCPA 1418 is thus not a factor in the analysis here.

4

The motion to modify this court's August 18, 2022 Decision and Order (as amended by the December 29, 2022 Decision and Order) is thus granted to the extent that the consent of the lawyers for the fiduciaries and for Lorraine shall no longer be required before disbursing the escrowed funds.

Accordingly, as to the petition of Natalie Haimo to resign and the fiduciaries' motion to renew, it is:

ORDERED, ADJUDGED, and DECREED, that Alexandre Leturgez-Coianiz and Lorraine Buhannic are appointed as Temporary Administrators of the estate of Philippe Buhannic, to serve together and without bond, and further to serve together with Luc Buhannic as Preliminary Executor, and letters will issue to them upon their qualifying according to law; and it is further

ORDERED, ADJUDGED, and DECREED, that Natalie Haimo's petition to resign as Temporary Administrator is granted and, upon the qualification and appointment of Alexandre Leturgez-Coianiz and Lorraine Buhannic, the Letters of Temporary Administration previously issued to Natalie Haimo shall be revoked, and she shall account for her proceedings in due course; and it is further

ORDERED, that the fiduciaries' motion to renew is granted and, upon renewal, the court's August 18, 2022 Decision and Order (as modified by the December 29, 2022 Decision and Order) is further modified to remove the condition requiring joint written consent of counsel to Luc Buhannic and Lorraine Buhannic for disbursal of any assets from the escrow account, such modification to take effect only upon the issuance of Letters of Temporary Administration to Alexandre Leturgez-Coianiz and to Lorraine Buhannic as provided above; and it is further

5

ORDERED, that the letters previously issued shall be amended to provide that the authority of Luc Buhannic, Alexandre Leturgez-Coianiz, and Lorraine Buhannic shall be restricted to prohibit any of them from selling, encumbering, or otherwise disposing of any of the testamentary assets until further order of the court; and it is further

ORDERED, that pursuant to SCPA 707 (1) (c), if both Alexandre Leturgez-Coianiz and Lorraine Buhannic cease to serve or cease to reside in New York State, letters issued herein are suspended pending further order of the court.

This decision constitutes the decree and order of the court.

Clerk to notify.


Dated: April 12, 2024

_____
S U R R O G A T E

[* 6]